## Commonwealth v. Wisniewski

336

*Paul H. Millen, district attorney,* for the commonwealth

*John M. Wisniewski, appearing pro se.*

WOLFE, *P.J.,* July 15, 1987 — For disposition is defendant's appeal from his conviction in the district justice court for violation of act of June 3, 1937, P.L. 1225, Art. IV, §406; 1961, June 13, P.L. 302, §2 (34 P.S. §1311.406), Permits to Fur Dealers.

The undisputed facts established are defendant is a resident of Dunkirk, N.Y., and holds a trapping license from the state. On March 14, 1987, he attended the annual Marienville, Forest County, fur trading event. Defendant was approached by a deputy game protector in plain clothes who sold three beaver furs to defendant for $120. Immediately thereafter the deputy's superior, likewise in plain clothes, approached defendant and inquired if he had a Pennsylvania permit to trade in furs. Defendant, acknowledging he had no permit but was assured by his New York club his New York license would be honored by the Marienville Fur Trading Club, advanced this as a defense as well as his purchase was made strictly as a hobby; and he denied he was in the commercial business of purchasing furs for resale.

The evidence established defendant was familiar with the practice and some of the personnel at the North Bay Fur Company and the Hudson Bay Company, and on the date of his arrest he also attempted

to sell a silver fox to a third non-uniformed deputy game protector.

The act requires a resident and a non-resident person or firm purchasing and reselling raw furs for commercial purposes to hold a fur dealer's permit. The act, as applicable to defendant, is the last paragraph thereof, stating:

"It is unlawful for any person to purchase, or receive, or resell, or to aid or assist in the purchase or resale of raw furs for commercial purposes without a permit, as herein required, issued by the (Pennsylvania Game) commission."

This act was amended on July 8, 1986, effective July 1, 1987, 34 Pa.C.S. 101, cited as Game and Wildlife Code. The amended act likewise requires a resident and non-resident fur dealer to hold a valid permit and makes it unlawful for any person to obtain furs by purchase or barter for the purpose of reselling without a permit; however, the amended act deletes the language that the purchase and resale is for commercial purposes. 34 Pa.C.S. §2929, Fur Dealer Permits.

The act does not define what is considered "commercial purposes" nor do we find any cases defining that phrase. Black's Law Dictionary, Fourth Edition, defines "commerce," based upon cases cited therein, as the exchange of goods, production, or property of any kind.

"Intercourse by way of trade and traffic between different peoples or states and the citizens or inhabitants thereof, including not only the purchase, sale, and exchange of commodities, but also the instrumentalities and agencies by which it is promoted and the means and appliances by which it is carried, and the transportation of persons as well as goods, both by land and sea." *Brennan v. Titusville,* 14 Supreme Court 829, 153 U.S. 289, 38 L. Ed. 719.

Defendant argues because he admittedly made the purchase and attempted to sell a silver fox fur, this was an exercise of his hobby, and he desired the three beaver furs to make a personal vest. Defendant likewise argues he was not in the commercial business of purchasing and selling furs. We hold defendant's concept of "commerce" is too narrow. Reading the statute in its entirety, there is no indication the Legislature meant to limit the application of the act to those solely involved in the business of fur dealing. The act is clear: "It is unlawful for any person to purchase, or receive, or resell, etc. . . ." (emphasis added). In its broadest sense commerce is any intercourse by way of trade through exchange of goods or monetary consideration.

We further reject the argument that defendant made the purchase for his personal hobby in that he advised the deputy from whom he made his purchase that he had also made a purchase from another seller that day and was paying for the furs when they arrived collect through United Parcel Post. Finally, we do not accept the hobby defense for the reason if the Legislature had this in mind it would have made an exception of trading for personal use and would likely have limited the number of trades that could be made. Further, the act of July 8, 1986, makes no such exception.

For these reasons we enter the following

## ORDER

And now, this July 15, 1987, defendant's appeal is dismissed and defendant is sentenced, in the absence of appeal to the Superior Court within 30 days from the date hereof, to pay the costs and the $200 fine as imposed by the district justice.